IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Chanel, Inc., a New York Corporation,   ) | C.A. # 2:08-0404-PMD |
| ) | |
| Plaintiff,   ) | |
| ) | |
| vs.   ) | **ORDER** |
| ) | |
| Renee L. Powell, an individual d/b/a   ) | |
| Wonderfaux Handbags d/b/a   ) | |
| Wonderfauxhandbags.com d/b/a   ) | |
| Celebrity Specs d/b/a Celebrityspecs.com,   ) | |
| and Does 1-10,   ) | |
| ) | |
| Defendants.   ) | |
| _____) | |

This matter is before the court upon the magistrate judge's recommendation that Plaintiff's motion for summary judgment be granted. The record includes the report and recommendation of the United States Magistrate Judge made in accordance with this Court's Order of Reference and 28 U.S.C. § 636(b)(1)(B). Because petitioner is pro se, this matter was referred to the magistrate judge.[1]

This Court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). No objections have been filed to the magistrate judge's report.

A review of the record indicates that the magistrate judge's report accurately summarizes this

---

[1] Pursuant to the provisions of Title 28 United States Code, § 636(b)(1)(B), and Local Rule 73.02(B)(2), D.S.C., the magistrate judge is authorized to review all pretrial matters and submit findings and recommendations to this Court.

case and the applicable law. For the reasons articulated by the magistrate judge, it is **ORDERED** that Plaintiff's motion for summary judgment is **GRANTED** and the court herewith **enters a preliminary and permanent injunction** enjoining the Defendant, her agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, imported, advertised or promoted, distributing, selling or offering to sell her or their counterfeit goods; from infringing, counterfeiting, or diluting the Chanel Marks; from using the Chanel Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or trade dress which may be calculated to falsely advertise the services or products of the Defendant as being sponsored by, authorized by, endorsed by, or in any way associated with the Plaintiff; from falsely representing herself or her businesses and/or websites from being connected with the Plaintiff, through sponsorships or association, or engaging in any act which is likely to falsely cause members of the trade and/or the purchasing public to believe any goods or services of the Defendant, are in any way endorsed by, approved by, and/or associated with the Plaintiff; from using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendant, including, without limitation, costume jewelry and accessories, namely, handbags, wallets, sunglasses, key chains, and watches, and other goods; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendant's goods as being those of the Plaintiff, or in any way endorsed by the Plaintiff and from offering such goods in commerce; and from otherwise unfairly competing with the Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff shall be awarded an amount of monetary damages to be determined at a damages hearing to be scheduled by the court.

**ORDERED**, that the magistrate judge's report and recommendation is adopted as the order of this Court.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

April 24, 2009
Charleston, South Carolina